UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-444-RJC
(3:16-cr-303-RJC-DCK-3)

| | |
|---|---|
| MACEO ROYSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Amend, (Doc. No. 2 at 1-2), and his Amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence, (Doc. No. 2-1).[1]

## I. BACKGROUND

Petitioner and two co-defendants were indicted for: Count (1), conspiracy to commit theft of a firearm from a federal firearm licensee; Count (2), theft from a licensed firearm dealer and aiding and abetting the same in violation of 18 U.S.C. § 922(u) and 2; and Count (3), possession of stolen firearms and aiding and abetting the same. (3:16-cr-303, Doc. No. 22).

Petitioner pled guilty to Count (2) in exchange for the Government's dismissal of the remaining Counts. (Id., Doc. No. 42). The plea agreement contains appellate and post-conviction waivers. (Id., Doc. No. 42 at 4-5).

Petitioner admitted in the written Factual Basis in support of his guilty plea that he, his two co-defendants, and an unindicted co-conspirator "burglarized The Range at Lake Norman, a Federal Firearms Licensee…." (Id., Doc. No. 41 at 1). Petitioner and two of the other participants

---

[1] Petitioner's Motion to Amend, (Doc. No. 2), will be granted.

1

broke out glass in a door with a hammer, entered the entry are and broke a second window. They entered the gun store and "[a]ll three men grabbed rifles and/or pistols…." (Id., Doc. No. 41 at 2).

The Presentence Investigation Report ("PSR") scored the base offense level as 18 pursuant to U.S. Sentencing Guidelines § 2K2.1(a)(5). (Id., Doc. No. 66 at ¶ 28). Six levels were added because the offense involved 25 or more firearms, and two more levels were added because the firearms were stolen. (Id., Doc. No. 66 at ¶¶ 29-30). Four levels were added because Petitioner used or possessed a firearm or ammunition in connection with another felony offense, the burglary of the firearm dealer, or possessed or transported any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony. (Id., Doc. No. 66 at ¶ 31). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 27. (Id., Doc. No. 66 at ¶¶ 38-40). Petitioner had four criminal history points and two more points were added because Petitioner committed the instant offense while under a criminal justice sentence. (Id., Doc. No. 66 at ¶¶ 52-53). The total criminal history score was therefore six and the criminal history category was III. (Id., Doc. No. 66 at ¶ 54). The resulting advisory guideline range was 87 to 108 months' imprisonment. (Id., Doc. No. 66 at ¶ 97).

At sentencing, the guideline range was adjusted to reflect the correct number of firearms involved, 24, resulting in a final guideline range of 70 to 87 months' imprisonment. See (Id., Doc. No. 86). On September 18, 2017, the Court sentenced Petitioner below the guidelines range to 60 months' imprisonment. See (Id., Doc. No. 86). Petitioner did not appeal.

Petitioner filed the § 2255 Motion to Vacate in the instant case on August 9, 2018, and the Amended § 2255 Motion to Vacate on September 6, 2018. Construing the Amended § 2255 petition liberally, Petitioner argues that counsel was ineffective for: (1) failing to object when the Court misapplied the six-level increase pursuant to Guidelines § 2K2.1(b)(1)(C) because the

correct number of firearms only supports a four-level enhancement; and (2) failing to object that the firearm enhancement pursuant to Guidelines § 2K2.1(b)(4)(A) is inapplicable because the base offense level already takes into account that the firearm or ammunition was stolen.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**(1) Waiver**

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. There are narrow exceptions to the

enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); see United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992).

Petitioner's knowing and voluntary plea waived all non-jurisdictional defects. No error, such as sentencing beyond the statutory maximum, occurred that would warrant setting aside the waiver. See Section (3), *infra*. Petitioner's post-conviction challenges are therefore waived.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray, 477 U.S. at 488; Strickland v. Washington, 466

4

U.S. 668, 687 (1984). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner did not raise the present claims on direct appeal. He cannot demonstrate any exception to avoid the procedural default by showing cause, prejudice, or actual innocence. See Section (3), *infra*. His claims are therefore procedurally defaulted from collateral review and are subject to dismissal.

**(3)** **Merits**

Even if Petitioner's claims were not waived and procedurally defaulted they would fail on the merits.

**(A)** First, Petitioner contends that counsel was ineffective for failing to object when the Court misapplied the six-level increase pursuant to Guidelines § 2K2.1(b)(1)(C) because the correct number of firearms only supports a four-level enhancement.

The Guidelines provide for an offense level increase of six levels if the offense involved 25 to 99 firearms, and of four levels if the offense involved eight to 24 firearms. U.S.S.G. § 2K2.1(b)(1)(B)-(C).

Although the PSR calculated a six-level increase pursuant to § 2K2.1(b)(1)(C), the enhancement was reduced at sentencing to four levels pursuant to § 2K2.1(b)(1)(B). Petitioner's contention that a calculation error occurred is conclusively refuted by the record and, accordingly, counsel cannot be deemed ineffective for failing to raise this meritless issue. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.");

Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (a defendant is not prejudiced if his counsel fails to make an objection that is "wholly meritless under current governing law").

**(B)** Second, Petitioner contends that counsel was ineffective for failing to object that the firearm enhancement pursuant to Guidelines § 2K2.1(b)(4)(A) should not have been applied because the base offense level already takes into account that the firearm or ammunition was stolen.

The U.S. Sentencing Guidelines provide that, "[i]f any firearm … was stolen, increase by 2 levels…." U.S.S.G. § 2K2.1(b)(4)(A). The Guidelines application notes explain that, "[i]f the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A) … because the base offense level takes into account that the firearm or ammunition was stolen…." U.S.S.G. § 2K2.1 app. note 8.

Petitioner's base offense level was determined under U.S. Sentencing Guidelines § 2K2.1(a)(5), and not subsection (a)(7). Therefore, the exception to subsection (b)(4)(A)'s applicability that is set forth in the application notes does not apply to Petitioner. The enhancement for stolen firearms, therefore, was correctly applied to Petitioner. See United States v. Locklear, 489 Fed. Appx. 705, 706 (4th Cir. 2012) (rejecting claim of double counting where the base offense level was calculated under § 2K2.1(a)(6) which, unlike § 2K2.1(a)(7), does not take into account the fac that the firearm was stolen). This claim of a calculation error is conclusively refuted by the record and, accordingly, counsel cannot be deemed ineffective for failing to raise this issue. See generally Knowles, 556 U.S. at 111.

**IV. CONCLUSION**

For the foregoing reasons, the Court grants Petitioner's Motion seeking leave to amend, and dismisses and denies Petitioner's Amended § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Amend, (Doc. No. 2 at 2-3), is **GRANTED**.

2. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 2-1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 18, 2019

Robert J. Conrad, Jr.
United States District Judge